Opinion issued June 23, 2026



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-26-00418-CV

—————————————

**DOMINIQUE TAYLOR, Appellant**

**V.**

**ANGELA FAYE BROWN & ASSOCIATES, PLLC AND ANGELA FAYE BROWN, Appellees**

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Case No. 2024-13521**

---

## MEMORANDUM OPINION

Appellant filed his notice of appeal on April 21, 2026, seeking to appeal the trial court's order signed 140 days earlier, on December 2, 2025, dismissing his case. The Texas Rules of Appellate Procedure require a notice of appeal to be filed within 30 days after the final judgment is signed. *See* TEX. R. APP. P. 26.1. This deadline

may be extended for 90 days if certain post-judgment motions are timely filed. *See* TEX. R. APP. P. 26.1(a). The deadline for filing may also be extended by the filing of a motion for extension. *See* TEX. R. APP. P. 26.3. "[A] timely filed notice of appeal confers jurisdiction on this court, and absent a timely filed notice of appeal, we must dismiss this appeal." *Campbell v. Leal*, No. 04-12-00654-CV, 2012 WL 5874622, at *1 (Tex. App.—San Antonio Nov. 21, 2012, no pet.) (mem. op.) (internal citation omitted).

We notified Appellant that his case was subject to dismissal. Appellant responded that we should construe his appeal as challenging the March 25, 2026 order denying his motion to reinstate and motion for new trial, which he asserts was signed less than 30 days prior to the appeal. But we have no authority to do so. This Court's jurisdiction is statutorily limited to appeals from final judgments and certain interlocutory orders specified by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Denials of motions to reinstate or motions for new trial are not appealable as interlocutory. *See Rovin v. Allstate Fire & Cas. Ins. Co.*, No. 14-22-00746-CV, 2023 WL 1988300 (Tex. App.-Houston [14th Dist.] Feb. 14, 2023, no pet.). Although motions to reinstate and motions for new trial extend the ordinary deadline to file a notice of appeal, they extend it only to 90 days after the signing of the original final judgment—not, as Appellant would have us hold, to 30 days after the order denying the motion. *See* TEX. R. APP. 26.1(a).

Accordingly, we dismiss the appeal. *See* TEX. R. APP. 42.3(a).  We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Chief Adams and Justice Rivas-Molloy and Guiney.